# MINUTE ORDER

CASE NUMBER:     CIVIL NO. 21-00224 LEK-WRP
CASE NAME:       Steven Jay Pincus Hueter et al., vs. Debra Anne Haaland et al.,

JUDGE:   Leslie E. Kobayashi        DATE:        8/12/2021

COURT ACTION:  EO: COURT ORDER LIFTING STAY AND DENYING AS MOOT PLAINTIFFS' MOTION FILED ON MAY 19, 2021

    On May 11, 2021, pro se Plaintiffs Steven Jay Pincus Hueter, Chief Faamuli Pete Faamuli, Rosalia Tisa Faamuli, and Michael S. Kirk ("Plaintiffs") filed their Verified Complaint ("Complaint"). [Dkt. no. 1.] On May 19, 2021, Plaintiffs filed a motion seeking a temporary restraining order, a preliminary injunction, and a permanent injunction ("5/19/21 Motion"). [Dkt. no. 12.] On May 26, 2021, pursuant to Fed. R. Civ. P. 15(a)(1)(A), Plaintiffs filed an Amended Verified Complaint ("Amended Complaint"). [Dkt. nos. 22 (redline version of the Amended Complaint), 23 (Amended Complaint).] Thus, the Amended Complaint is the operative pleading at this time.

## I.    Motion to Lift Stay

    On June 3, 2021, an entering order was issued that stayed this case to allow Plaintiffs to comply with the sixty-day notice requirements in the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(2), and the Marine Protection, Research, and Sanctuaries Act ("MPRSA"), 33 U.S.C. § 1415(g)(2). [Dkt. no. 29.] Before the Court is Plaintiffs' Motion with Authorities to Lift Stay of Proceedings ("Motion to Lift Stay"), filed on August 9, 2021. [Dkt. no. 34.] Plaintiffs represent that they have sent documents to the appropriate government offices to comply with the sixty-day notice requirements of the ESA and the MPRSA. [Motion to Lift Stay at 2-3.] Based on Plaintiffs' representation, the Motion to Lift Stay is GRANTED, and the stay of the instant case is LIFTED.

    The Court has reviewed Plaintiffs' representation about their compliance with the notice requirements for the sole purpose of determining whether the stay should be lifted. Nothing in this entering order precludes a defendant from filing a motion asserting that Plaintiffs failed to comply with the applicable notice requirements. If any defendant files such a motion, this Court's ruling on Plaintiffs' Motion to Lift Stay will not be considered in the determination of the merits of the defendant's motion.

## II.   5/19/21 Motion

Plaintiffs' 5/19/21 Motion was filed before Plaintiffs filed their Amended Complaint. In other words, the 5/19/21 Motion is based on the substance of the original Complaint. See, e.g., 5/19/21 Motion at 2 (citing appendices to the Complaint). Because Plaintiffs filed the Amended Complaint, the original Complaint is now treated as if it no longer exists. See Lacey v. Maricopa Cnty., 693 F.3d 896, 925 (9th Cir. 2012) (en banc) (stating that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent" (citations and internal quotation marks omitted)); see also Barnes v. Sea Haw. Rafting, LLC, 889 F.3d 517, 531 (9th Cir. 2018) ("While an amended complaint supersedes the original, it normally does so only with regard to the pleading's substance, not its procedural effect."). The 5/19/21 Motion is DENIED AS MOOT because it does not address the operative pleading.

If Plaintiffs wish to pursue their request for preliminary relief, they must file a new motion that addresses the operative pleading. In addition, unless Plaintiffs satisfy the requirements of Fed. R. Civ. P. 65(b)(1) or Plaintiffs establish that preliminary relief can be granted as to only the parties who have been properly served, this Court is not inclined to consider the merits of a motion for preliminary relief until all defendants have been served with the operative pleading and the motion for preliminary relief and have had the opportunity to respond.

The Court notes that Plaintiffs' Amended Complaint added the following defendants who were not named in the original Complaint: Martha Williams, Deputy Director of the United States Fish and Wildlife Service ("FWS"), in her individual and official capacities ("Williams"); the Director of the FWS, in the person's individual and official capacities; the FWS; and Gina Raimondo, Secretary of Commerce, in her individual and official capacities ("Raimondo"). Amended Complaint at pg. 6; see also dkt. no. 22 (redline version of the Amended Complaint) at pgs. 6-7. Plaintiffs filed service documents for Williams and Raimondo. See Proof of Service, filed 5/28/21 (dkt. no. 25); Proof of Service, filed 5/28/21 (dkt. no. 26). However, Plaintiffs do not appear to have complied with the requirements of Fed. R. Civ. P. 4(i) as to Williams, Raimondo, the Director of the FWS, or the FWS.

The Court also notes that, on May 20, 2021, Plaintiffs filed Proof of Service documents, asserting the original Complaint was served on: the United States Attorney General; Defendant Debra Anne Haaland, Secretary of the Interior, in her individual and official capacities ("Haaland"); Defendant Taotasi Archie Soliai, Director of the Department of Marine and Wildlife Resources of American Samoa ("American Samoa DMWR"), in his individual and official capacities ("Soliai"); Defendant the American Samoa DMWR; and the "United States Attorney." [Dkt. nos. 13 to 17.] On May 28, 2021, Plaintiffs filed a Proof of Service, asserting the Amended Complaint was served on Haaland. [Dkt. no. 26.] The Court is not aware of any filing which indicates that Plaintiffs served the Amended Complaint on Soliai and the American Samoa DMWR.

Plaintiffs appear to have satisfied the Rule 4(i) requirements for service of the original Complaint on Haaland. Thus, Plaintiffs were arguably only required to comply with Fed. R. Civ. P. 5(a)(1)(B) when serving the Amended Complaint on Haaland.

The Court emphasizes that the statements in this entering order do not constitute findings, conclusions, or rulings regarding the sufficiency of service in this case. Nothing in this entering order precludes any defendant from filing a motion to dismiss based on insufficient process or service of process. See Fed. R. Civ. P. 12(b)(3), (4). If any defendant files such a motion, the statements in this entering order will not be considered in the determination of the merits of the defendant's motion. The Court has merely provided the observations in this entering order to assist the parties.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager